Steven W. Ritcheson (SBN 174062)
**INSIGHT, PLC**
578 Washington Blvd. #503
Marina del Rey, California 90292
Telephone: (424) 289-9191
Facsimile: (818) 337-0383
Email:  swritcheson@insightplc.com

Jacqueline K. Burt (*pro hac vice* to be filed)
**INSIGHT, PLC**
860 Johnson Ferry Road NE, #140-176
Atlanta, GA 30342
Telephone: (770) 990-9982
Facsimile: (678) 802-1877
Email:  jburt@insightplc.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTIMUM VECTOR DYNAMICS LLC, a Texas limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SEGWAY INC., a Delaware corporation,<br><br>　　　　　Defendant. | Case No. _____<br><br>**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br><br>**JURY TRIAL DEMANDED** |

1

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

Plaintiff Optimum Vector Dynamics LLC (the "Plaintiff" or "OVD") files this Complaint against Defendant Segway Inc. (hereinafter, "Defendant" or "Segway"), and in support hereof shows unto the Court the following:

## PARTIES

1. Plaintiff Optimum Vector Dynamics LLC is a Texas limited liability company with its principal place of business located at 5900 Balcones Dr., Suite 100, Austin, TX 78731.

2. Defendant Segway Inc. is a Delaware corporation with an office located at 405 E. Santa Clara St., Arcadia, CA 91006. Segway may be served with Summons and a copy of this Complaint by delivering the same to its registered agent, CT Corporation System located at 330 N. Brand Blvd, Suite 700, Glendale, CA 91203.

## JURISDICTION AND VENUE

3. This action arises under the Patent Act, 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285, and the Lanham Act 15 U.S.C. §§ 1051 *et seq*. Accordingly, this Court has federal question jurisdiction pursuant to 15 U.S.C. § 1121 and 35 U.S.C § 281. This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

5. This Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of California and in the Central District of California; Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in the Central District of California; Defendant has sought protection and benefit from the laws of the State of California; Defendant regularly and continuously conducts business in this District and have infringed and/or induced infringement, and continue to do so, in this District and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State

of California and in the Central District of California. In addition, this Court has personal jurisdiction over Defendant because minimum contacts have been established with the forum and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

6. More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of California, and the Central District of California. Defendant has committed patent infringement in the State of California and in the Central District of California. Defendant solicits customers in the State of California and in this District. Defendant has customers who are residents of the State of California and this District and who use Defendant's product(s) in the State of California and in this District.

## THE ACCUSED PRODUCT

7. This case involves claims of patent infringement under the Patent Act, 35 U.S.C. § 101 *et seq.* based on Defendant's making, use, offering for sale and sales of its Navimow H series, I series and X3 Series lawnmowers (collectively and/or individually, the "Navimow Accused Products"). See https://us.navimow.segway.com. Segway has been selling its Navimow Accused Products with the launch of its H Series in 2022 and its I Series in February 2024. See id. The newest X3 Series was launched at the CES show in 2025. See https://us.navimow.segway.com/pages/about-us "2025-Milestones".

8. The Navimow is the "first robotic mower equipped with advanced off-road-vehicle grade traction control technology, delivering superior grip while minimizing any turf damage from skidding." See https://us.navimow.segway.com/pages/navimow-i#shopify-section-template--17865238020233__custom_scroller_zMJk8R. The Navimow Accused Products are "designed to seamlessly handle complex grassy terrain, it ensures smooth operation

1

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

across five challenging terrain types, providing unparalleled efficiency and stability for all mowing tasks." Id.



9. The Navimow Accused Products are made, used, sold, offered for sale, and/or imported in the United States by Segway and possibly others.

10. The Navimow Accused Products are a "surprisingly quite robotic mower" that offers the following:

- "Ultra-precise mowing with RTK & Vision"



- "Accurately identifies and avoids 150+ obstacles"



1

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

- "Unparalleled stability across 5 common complex terrains"



- "Intuitive design for enhanced user experience"



See https://us.navimow.segway.com/pages/navimow-i#top.

11. According to Segway, the Navimow Accused Products offer quick installation with an antenna location finder:

> Discover the perfect spot for your charging dock and antenna base with our advanced antenna location finder. Get tailored recommendations for optimal installation, ensuring a fast, seamless, and surprisingly efficient start to your Navimow lawn care journey.

1

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

12. According to Segway, the Navimow Accused Products utilize Exact Fusion Location System (EFLS) 2.0 technology that provides "Vision-enhanced with Centimeter-level Precision:"

> EFLS 2.0 elevates positioning accuracy with Visual SLAM (Simultaneous Localization and Mapping) technology, allowing the camera to create 3D maps and improve positioning in low-satellite-signal areas. Whether for large or small, simple or complex lawns, EFLS 2.0 consistently provides precise, reliable, and centimeter-level accuracy.

13. Segway also explains that its Navimow Accused Products use Vision Fence™ technology, which is "AI-enhanced Obstacle Avoidance for Worry-Free Mowing." See https://us.navimow.segway.com/pages/navimow-i#shopify-section-template--17865238020233__custom_scroller_zMJk8R. The Navimow Accused Products include "a 140 fish-eye camera and AI algorithms [to] distinguish[] grass from common obstacles like pets, furniture, and outdoor equipment…." Id.

## THE PATENT-IN-SUIT

14. OVD is the assignee of United States Patent No. 8,649,971 ("Patent-in-Suit" or "'971 Patent"), entitled *"Navigation Device"* that issued on February 11, 2014 and possesses all right, title, and interest in the Patents-in-Suit, including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Defendant for infringement and recover past damages, as described below.

15. The '971 Patent was duly and legally issued by the United States Patent and Trademark Office after full and fair examination. The '971 Patent was the subject

of an *inter partes* review of claims 1-4, 7-12, 14, 16-17 and 19. The Decision Denying Institution of *Inter Partes* Review was filed May 16, 2024.

16. As of May 31, 2025, in an Assignment of Patent Rights, OVD is the owner of all rights, title and interest in the '971 Patent, among other patents. The Assignment also allows OVD to collect past damages prior to that date.

## COUNT I
## Patent Infringement (U.S. Patent No. 8,649,971)

17. Plaintiff re-alleges and incorporates by express reference the preceding Paragraphs as if fully restated and set forth herein.

18. United States Patent No. 8,649,971 (hereinafter, the "'971 Patent") was duly and legally issued by the USPTO on February 11, 2014, to its inventor Hiroshi Machino and was initially assigned to Mitsubishi Electric Corporation. Attached hereto as **Exhibit A** is a true and correct copy of the '971 Patent and is incorporated herein by express reference.

19. Defendant has infringed and continues to infringe the '971 Patent either literally or under the doctrine of equivalents through the use, sale, and/or offer for sale of its Navimow Accused Products, which are lawnmowers with RTK technology, among other features, that practices the claims of the '971 Patent and/or for inducing and/or contributing to the infringement by its customers. More specifically, Defendant has infringed and continues to infringe one or more claims of the '971 Patent, including at least Claim 1, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises the Accused Product so as to induce and/or contribute to its customers into utilizing or use of the Accused Product. Specifically, the Defendant has infringed the '971 Patent because its Accused Product unlawfully uses the inventions disclosed in the '971 Patent Claims.

20. Claim 1 discloses

1

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

> 1. A navigation device comprising:
> a setting unit configured to set waypoints and a destination;
> a route searching unit configured to search for a whole route leading to the destination via the waypoints set by said setting unit;
> a route guidance unit configured to carry out route guidance according to the whole route which is searched for by said route searching unit;
> an output unit configured to output a message showing that a vehicle has deviated from a route leading to a first next waypoint toward which the vehicle has been heading when said route guidance unit determines that the vehicle has deviated from the route to a predetermined distance or more and is traveling along a route after said first next waypoint; and
> an input unit configured to input a command indicating whether or not to travel via said first next waypoint in response to the message outputted by said output unit.

*See* Ex. A at Claim 1.

21. The Navimow Accused Products are a "navigation device" that utilize Segway's proprietary waypointing/traversing technology, as claimed in the preamble of Claim 1.



2022

In September, Segway Navimow officially launched its first product, the H Series, which made a groundbreaking leap in innovation by embodying the concept of boundary-breaking, integrating RTK into the lawn mower.

See https://us.navimow.segway.com/pages/about-us.

Specifically, the Navimow Accused Products utilize Segway's Exact Fusion

Locating System (EFLS) to provide "traversing capabilities," which allows the Navimow Accused Products to navigate.

> Welcome
>
> Thank you for choosing Navimow!
>
> With Exact Fusion Locating System (EFLS) and superb traversing capabilities, Navimow can handle lawns of all types. No perimeter wires are needed and it's super easy to use, thanks to smart app connectivity and the intuitive control panel.
> Collection of grass is not necessary because the fine grass clippings serve as a natural fertilizer. Enjoy the fun of carefree mowing and a perfectly maintained lawn.

See https://api5-h5-app-fra.ninebot.com/navimow/pdf/Navimow_H-series_User_Manual_V2.1_EN.pdf at page 3.

Further, the Navimow Accused Products "will intelligently decide its moving pattern within the map:"

### 2.4 Set up the Work Area

Follow the instructions in the app and control the mower to create the work area (referred to as the map in the manual). The mower will intelligently decide its moving pattern within the map.

[Diagram showing Boundary, Off-limit Island, Channel]

See https://api5-h5-app-fra.ninebot.com/navimow/pdf/Navimow_H-series_User_Manual_V2.1_EN.pdf at page 25.

22. As claimed in Claim 1(a) of the '971 Patent, the Navimow Accused Products includes "a setting unit configured to set waypoints and a destination." Specifically, the Navimow Accused Products' "driving path is automatically planned:"



See https://api5-h5-app-fra.ninebot.com/navimow/pdf/Navimow_H-series_User_Manual_V2.1_EN.pdf at page 4.



See https://api5-h5-app-fra.ninebot.com/navimow/pdf/Navimow_H-series_User_Manual_V2.1_EN.pdf at page 27.

1

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

23. Claim 1(b) of the '971 Patent claims: "a route searching unit configured to search for a whole route leading to the destination via the waypoints set by said setting unit."



See https://api5-h5-app-fra.ninebot.com/navimow/pdf/Navimow_H-series_User_Manual_V2.1_EN.pdf at page 11.



**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

See https://api5-h5-app-fra.ninebot.com/navimow/pdf/Navimow_H-series_User_Manual_V2.1_EN.pdf at page 28.

24. As claimed in Claim 1(c), the Navimow Accused Products include, upon information and belief, "a route guidance unit configured to carry out route guidance according to the whole route which is searched for by said route searching unit."



See https://api5-h5-app-fra.ninebot.com/navimow/pdf/Navimow_H-series_User_Manual_V2.1_EN.pdf at page 26.

1

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____



See https://api5-h5-app-fra.ninebot.com/navimow/pdf/Navimow_H-series_User_Manual_V2.1_EN.pdf at page 27.

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

25. As claimed in Claim 1(d), the Navimow Accused Products include, upon information and belief, "an output unit configured to output a message showing that a vehicle has deviated from a route leading to a first next waypoint toward which the vehicle has been heading when said route guidance unit determines that the vehicle has deviated from the route to a predetermined distance or more and is traveling along a route after said first next waypoint."



See https://api5-h5-app-fra.ninebot.com/navimow/pdf/Navimow_H-series_User_Manual_V2.1_EN.pdf at page 37.

26. As claimed in Claim 1(e) of the '971 Patent, the Navimow Accused Products include "an input unit configured to input a command indicating whether or not to travel via said first next waypoint in response to the message outputted by said output unit."

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____



https://api5-h5-app-fra.ninebot.com/navimow/pdf/Navimow_H-series_User_Manual_V2.1_EN.pdf at page 36

COMPLAINT FOR PATENT INFRINGEMENT
Case No. _____

https://api5-h5-app-fra.ninebot.com/navimow/pdf/Navimow_H-series_User_Manual_V2.1_EN.pdf at page 5.



https://api5-h5-app-fra.ninebot.com/navimow/pdf/Navimow_H-series_User_Manual_V2.1_EN.pdf at page 35.



1

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

See https://api5-h5-app-fra.ninebot.com/navimow/pdf/Navimow_H-series_User_Manual_V2.1_EN.pdf at page 39.

| Error Code | Meaning | Solution |
|---|---|---|
| 4013 | Ultrasonic module communication error | Please make sure the ultrasonic sensor cables are connected correctly, then restart the mower. If the error persists, contact after-sales service. |
| 4020 | ECU system self-check failure | Please restart the mower and then put it in the charging station. If the error persists, contact after-sales service. |
| 5001 | Unable to connect GNSS antenna | Please check if the GNSS antenna is connected to the charging station, then press the STOP button on the mower. If the error persists, contact after-sales service. |
| 5002 | Charging station guiding wire error | Please re-plug the charging station into the power supply, then press the STOP button on the mower. If the error persists, contact after-sales service. |
| 5003 | Charging station overcurrent or overvoltage protection | |
| 5005 | GNSS antenna data error | Please reconnect the GNSS antenna to the charging station, and then press the STOP button on the mower. If the error persists, contact after-sales service. |
| 6002 | Mower is outside the boundary | Please place the mower on an open and flat surface within the boundary, and press the STOP button on the mower. When the mower light turns blue, press MOW+OK to resume mowing. If it fails, restart the mower and then put it in the charging station. If the error persists in the same area, set the area as an off-limit island. |
| 6003 | Mower has turned over | Please place it in the proper position and put it back in the boundary or charging station. Press the STOP button on the mower, and then press MOW+OK to resume mowing. Please set the area where the mower turns over frequently as an off-limit island. |
| 6004 | Mower cannot return to the charging station | Please confirm no obstacles in the path and the charging station is installed on a flat surface. Press the STOP button on the mower, then HOME+OK to return. If the error persists, check if the charging station and the antenna have been moved since the previous mapping and rebuild the map. If it still cannot be solved, contact the after-sales service. |
| 6005 | Mower cannot return to the charging station | Please confirm no obstacles in the path and the charging station is installed on a flat surface. Press the STOP button on the mower, then HOME+OK to return. If the error persists, check if the charging station and the antenna have been moved since the previous mapping and rebuild the map. If it still cannot be solved, contact the after-sales service. |
| 6006 | Bumper sensors triggered constantly | Please remove the obstacles or tap the sensor gently to release it, then press the STOP button and press MOW+OK to resume mowing. If it fails, restart the mower and then put it in the charging station. If the error persists, contact after-sales service. |
| 6007 | Mower is lifted | Please place the mower on a flat surface and check if the front wheels are stuck, then press the STOP button and press MOW+OK to resume mowing. If it fails, restart the mower and then put it in the charging station. If this happens frequently, contact after-sales service. |

See https://api5-h5-app-fra.ninebot.com/navimow/pdf/Navimow_H-series_User_Manual_V2.1_EN.pdf at page 59-60.

27. Defendant has intentionally induced and continues to induce infringement of the ''971 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused others to use the Accused Product in an infringing manner.

28. Upon information and belief, Defendant has had knowledge of Plaintiff and its '971 Patent at least since the filing of this Complaint in this action. This information and belief is based, in part, on the fact that Launch Medical has acknowledged others invented the methods and devices comprising the Accused Product. Upon information and belief, despite knowledge of the '971 Patent, Defendant has continued to encourage, instruct, enable, and otherwise cause its customers to use

1

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

its systems and methods, in a manner which infringes the '971 Patent claims.[1] Such information and believe is based, in part, on instructions provided with the Accused Product and on Defendant's website.

29. The provision of and sale of the Navimow Accused Products provides Defendant with a source of revenue and business focus. Defendant has specifically instructed and intended its customers to use the Navimow Accused Products in such a way that infringes the '971 Patent.

30. Upon information and belief, Defendant knew that its actions, including but not limited to, making the Navimonw Accused Products available for sale, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using, the Navimow Accused Products.

31. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

32. Plaintiff are entitled to recover from the Defendant the damages sustained by Plaintiff as a result of each Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

33. Defendant's infringement of Plaintiff's rights under the '127 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

---

[1] See *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1345 (Fed. Cir. 2012); see also *Soteria Encryption, LLC v. Lenovo United States, Inc.*, Case No. CV 16-7958-GW(JPRx), 2017 WL 3449058, *2 (C.D. Cal. Feb. 27, 2017) ("courts have held that post-suit knowledge is sufficient to sustain a finding that defendant had the requisite knowledge to support claims for induced infringement.); *Labyrinth Optical Technologies, LLC v. Fujitsu America, Inc.*, Case No. SACV 13-0030 AG (MLGx), 2013 WL 12126111 (C.D. Cal. Aug. 201, 2013) ("The Federal Circuit therefore held that knowledge of the asserted patent from a complaint in the same case is sufficient to meet the knowledge requirement of indirect infringement.").

1

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

**JURY DEMAND**

34.  Plaintiff demands a trial by jury on all issues.

WHEREFORE Plaintiff OVD prays upon this Court for the following relief:

    A.    That summons issue and Defendant be served according to law;

    B.    That Plaintiff recovers from Defendant all past and future damages caused by its patent infringement;

    C.    An adjudication that one or more claims of the Patent-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

    D.    An adjudication that Defendant has induced infringement of one or more claims of the Patent-in-Suit;

    E.    An award of damages to be paid by the Defendant adequate to compensate Plaintiff for Defendant's past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

    F.    A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the Patents-in-Suit;

    G.    That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

    H.    Any further relief that this Court deems just and proper.

This 30th day of June, 2025.

**INSIGHT, PLC**

By: */s/* Steven W. Ritcheson
Steven W. Ritcheson

*Attorney for Plaintiff*

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____