Xinlin Li Morrow, Esq. (SBN 281707)
Xinlin@moni.law
**Morrow Ni LLP**
3333 Michelson Drive Suite 300
Irvine, California 92612
(213) 282-8166

Joseph V. Saphia, Esq. (*pro hac vice* application forthcoming)
Jessica H. Zafonte Esq. (*pro hac vice* application forthcoming)
jsaphia@csglaw.com
jzafonte@csglaw.com
**CHIESA SHAHINIAN & GIANTOMASI PC**
11 Times Square, 34th Floor
New York, NY 10036
(212) 973-0572

Xuezheng Wang, Esq. (*pro hac vice* application forthcoming)
jwang@csglaw.com
**CHIESA SHAHINIAN & GIANTOMASI PC**
105 Eisenhower Parkway
Roseland, NJ 07068
(973) 530-2185

Attorneys for Defendant Segway Inc.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**

4923-3155-2366.v1

OPTIMUM VECTOR DYNAMICS LLC, a Texas limited liability company,

               Plaintiff,

       vs.

SEGWAY INC., a Delaware corporation,

               Defendant.

Case No. 2-25-cv-05928-MWF (SSCx)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Date: November 3, 2025

Time: 10:00 a.m.

Ctrm: 5A

---

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**

4923-3155-2366.v1

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.   LEGAL STANDARD......................................................................................... 2

      A.    MOTION TO DISMISS ........................................................................... 2

      B.    35 U.S.C. § 101...................................................................................... 2

      C.    PRE-SUIT DAMAGES ........................................................................... 5

III.  THE '971 PATENT-IN-SUIT ........................................................................... 6

IV.   THE '971 PATENT CLAIMS PATENT-INELIGIBLE SUBJECT MATTER....................... 9

      A.    STEP ONE ANALYSIS ......................................................................... 10

      B.    STEP TWO ANALYSIS ........................................................................ 16

V.    THE AMENDED COMPLAINT DOES NOT PLEAD SUFFICIENT FACTS FOR PRE-SUIT DAMAGES ................................................................. 22

VI.   CONCLUSION.................................................................................................. 23

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**
Case No. 2:25-cv-05928-MWF (SSCx)

4923-3155-2366.v1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
  882 F.3d 1121 (Fed. Cir. 2018)...................................................................11

*Alice Corp. Pty. v. CLS Bank Int'l*,
  573 U.S. 208 (2014) ...........................................................10, 11, 20, 23

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
  24 F.3d 178 (Fed. Cir. 1994)...................................................................12

*Apple, Inc. v. Ameranth, Inc.*,
  842 F.3d 1229 (Fed. Cir. 2016)...............................................................21

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................9

*Bancorp Servs., LLC v. Sun Life Assurance Co. of Can.*,
  687 F.3d 1266 (Fed.Cir.2012)..................................................................27

*Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*,
  827 F.3d 1341 (Fed. Cir. 2016)..........................................................11, 25

*Bilski v. Kappos*,
  561 U.S. 593 (2010)..................................................................................12

*BSG Tech LLC v. BuySeasons, Inc.*,
  899 F.3d 1281 (Fed. Cir. 2018)................................................................11

*Cascades Branding Innovation LLC v. Aldi, Inc.*,
  728 F. Supp. 3d 917 (N.D. Ill. 2024) .......................................................26

*Cellspin Soft, Inc. v. Fitbit, Inc.*,
  No. 17-CV-05928-YGR, 2021 WL 1421612 (N.D. Cal. Apr. 14,
  2021) .........................................................................................................25

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
  859 F.3d 1352 (Fed. Cir. 2017)...........................................................12, 16

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**
Case No. 2:25-cv-05928-MWF (SSCx)

4923-3155-2366.v1

*Concaten, Inc. v. AmeriTrak Fleet Sols., LLC*,
   131 F. Supp.3d 1166 (D. Colo. 2015), aff'd, 669 F. App'x 571 (Fed.
   Cir. 2016), cert. denied, 137 S. Ct. 1604 (2017) ..................................................23

*Confident Techs., Inc. v. AXS Grp. LLC*,
   No. 17-CV-02181-H-MDD, 2018 WL 539166 (S.D. Cal. Jan. 23,
   2018) ....................................................................................................................10

*Content Extraction & Transmission LLC v. Wells Fargo Bank*,
   776 F.3d 1343 (Fed. Cir. 2014)...................................................................17, 20

*CyberSource Corp. v. Retail Decisions, Inc.*,
   654 F.3d 1366 (Fed. Cir. 2011)..............................................................................10

*Diamond v. Diehr*,
   450 U.S. 175 (1981) .............................................................................................10

*DivX, LLC v. Hulu, LLC*,
   No. 2:21-cv-01615 .........................................................................13, 15, 16, 29

*Dunlap v. Schofield*,
   152 U.S. 244 (1894) .............................................................................................29

*e-Watch, Inc. v. Avigilon Corp.*,
   No. Civ.A. H-13-0347, 2013 WL 5231521 (S.D. Tex. Sept. 16, 2013) ............29

*Enfish, LLC v. Microsoft Corp.*,
   822 F.3d 1327 (Fed. Cir. 2016)............................................................................11

*Enovsys LLC v. Lyft, Inc.*,
   No. 23-CV-05157-EJD, 2024 WL 3049452 (N.D. Cal. June 17, 2024)............26

*Enovsys LLC v. Uber Techs., Inc.*,
   No. 23-CV-04549-EJD, 2024 WL 3033995 (N.D. Cal. June 17, 2024)............28

*FairWarning IP, LLC v. Iatric Sys., Inc.*,
   839 F.3d 1089 (Fed. Cir. 2016)............................................................................26

*Fortinet, Inc. v. Forescout Techs., Inc.*,
   543 F. Supp. 3d 814 (N.D. Cal. 2021) .................................................................20

*Gottschalk v. Benson*,
   409 U.S.63 (1972)................................................................................................10

iii

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**
Case No. 2:25-cv-05928-MWF (SSCx)

4923-3155-2366.v1

*Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*,
  549 F. Supp. 3d 1247 (W.D. Wash. 2021), aff'd, 50 F.4th 1371 (Fed. Cir. 2022) .................................................................................................... 19

*Intellectual Ventures I LLC v. Capital One Fin. Corp.*,
  850 F.3d 1332 (Fed. Cir. 2017) ................................................................... 12

*Intellectual Ventures I LLC v. Symantec Corp.*,
  100 F. Supp. 3d 371 (D. Del. 2015) ............................................................. 18

*Intellectual Ventures I LLC v. Symantec Corp.*,
  838 F.3d 1307 (Fed. Cir. 2016) ............................................................. 11, 18

*IPA Techs., Inc. v. Amazon.com, Inc.*,
  352 F. Supp. 3d 335 (D. Del. 2019) ....................................................... 19, 23

*In re Killian*,
  45 F.4th 1373 (Fed. Cir. 2022) ................................................................... 10

*Lans v. Digital Equip. Corp.*,
  252 F.3d 1320 (Fed. Cir. 2001) ................................................................... 29

*Location Based Servs., LLC v. Niantic, Inc.*,
  295 F. Supp. 3d 1031 (N.D. Cal. 2017), aff'd, 742 F. App'x 506 (Fed. Cir. 2018) ............................................................................. 22, 23, 24, 28

*Lubby Holdings LLC v. Chung*,
  11 F.4th 1355 (Fed. Cir. 2021) ................................................................... 12

*Move, Inc. v. Real Estate All. Ltd.*,
  221 F. Supp.3d 1149 (C.D. Cal. 2016) ................................................... 19, 27

*NantWorks, LLC v. Niantic, Inc.*,
  No. 20-CV-06262-LB, 2023 WL 187490 (N.D. Cal. Jan. 13, 2023) ................ 20

*Never-Search, Inc. v. Apple, Inc.*,
  No. 24-CV-03945-RFL, 2025 WL 943229 (N.D. Cal. Feb. 28, 2025) ........ 26, 27

*OIP Techs., Inc. v. Amazon.com, Inc.*,
  788 F.3d 1359 (Fed. Cir. 2015) ................................................................... 12

*PersonalWeb Techs. LLC v. Google LLC*,
  8 F.4th 1310 (Fed. Cir. 2021) ..................................................................... 20

iv

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**
Case No. 2:25-cv-05928-MWF (SSCx)

4923-3155-2366.v1

*Peschke Map Techs. LLC v. Rouse Props. Inc.*,
 168 F. Supp. 3d 881 (E.D. Va. 2016)...................................................................28

*Power Analytics Corp. v. Operation Tech. Inc*,
 748 F. App'x 334 (Fed. Cir. 2019) .....................................................................22

*Power Analytics Corp. v. Operation Tech., Inc.*,
 No. SACV1601955JAKFFMX, 2017 WL 5468179 (C.D. Cal. July 13, 2017) .................................................................................................................22

*Prolitec Inc. v. ScentAir Techs., LLC*,
 770 F. Supp. 3d 730 (D. Del. 2025)...................................................................19

*Sanderling Mgmt. Ltd. v. Snap Inc.*,
 No. 2:21-cv-02324 ...............................................................................9, 23, 27

*SAP Am., Inc. v. InvestPic, LLC*,
 898 F.3d 1161 (Fed. Cir. 2018)...........................................................................12

*Synopsys, Inc. v. Mentor Graphics Corp.*,
 839 F.3d 1138 (Fed. Cir. 2016)...........................................................................22

*In re TLI Commc'ns LLC Pat. Litig.*,
 823 F.3d 607 (Fed. Cir. 2016).............................................................................24

*Two-Way Media v. Comcast Cable Commc'ns, LLC*,
 874 F.3d 1329 (Fed. Cir. 2017)...........................................................................20

*Versata Dev. Group v. SAP Am., Inc.*,
 793 F.3d 1306 (Fed. Cir. 2015)...........................................................................25

*Voip-Pal.com, Inc. v. Apple Inc.*,
 411 F. Supp. 3d 926 (N.D. Cal. 2019), aff'd, 828 F. App'x 717 (Fed. Cir. 2020) .................................................................................................................18

*Weisner v. Google LLC*,
 51 F.4th 1073 (Fed. Cir. 2022)...........................................................................27

*X One, Inc. v. Uber Techs., Inc.*,
 239 F. Supp. 3d 1174 (N.D. Cal. 2017) ..................................................18, 22, 28

v

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**
Case No. 2:25-cv-05928-MWF (SSCx)

4923-3155-2366.v1

**Statutes**

35 U.S.C. § 101 ..............................................................................................*passim*

35 U.S.C. § 287 ................................................................................... 12, 13

35 U.S.C. § 287(a)..................................................................................... 12

**Other Authorities**

L.R. 11-6.1 ................................................................................................ 30

*R&R* at 11 ................................................................................................. 25

Rule 12(b)(6) ........................................................................................ 13, 29

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**
Case No. 2:25-cv-05928-MWF (SSCx)

4923-3155-2366.v1

## I.   INTRODUCTION

Plaintiff Optimum Vector Dynamics LLC ("Plaintiff") initiated this action against Defendant Segway Inc. ("Defendant") on June 30, 2025, alleging that certain lawnmowers sold by Defendant infringe United States Patent No. 8,649,971 (the "'971 Patent," attached as Exhibit 1). The '971 Patent is directed to a navigation device that outputs a message to a driver if a stop ("waypoint") on a multi-stop trip has been missed and inputs an instruction from the driver whether to re-route back to the missed stop or continue on to the next stop. In order to accomplish this, the claimed navigation device relies only on "well-understood, routine, and conventional activity" previously known to the industry. The '971 Patent does not purport to improve upon the technology underlying the claimed navigation device, nor does Plaintiff allege that it does. Rather, the '971 specification and Amended Complaint explain that the improvement the patent provides is the delivery of the message to a user who has a missed a stop on a route, to allow the user to decide whether to continue on or go back to the missed stop—rather than just automatically re-routing the driver back to the missed waypoint like traditional navigation devices. This is a patent-ineligible abstract idea that can be performed within the human mind or with a pen and paper (a map). Following one's movement along a map to determine if a deviation from the route has occurred and then deciding whether to circle back or continue on is also a known method of organizing human activity. Therefore, the claims are directed to the abstract idea itself and are invalid under 35 U.S.C. § 101.

The parties met and conferred on September 5 to discuss the substance of Defendant's anticipated Motion to Dismiss, specifically, that the '971 Patent is directed to a patent-ineligible abstract idea and that the complaint failed to plead that Plaintiff provided either actual or constructive notice that would entitle it to the pre-suit damages it sought. Plaintiff subsequently filed an Amended Complaint on September

1

---

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**
Case No. 2:25-cv-05928-MWF (SSCx)

9, 2025, which contained newly added paragraphs attempting to hedge against Defendant's forthcoming § 101 motion and softened (but did not remove) its request for pre-suit damages.[1] For the reasons set forth below, the Amended Complaint should be dismissed in its entirety.

## II.    LEGAL STANDARD

### A.    Motion to Dismiss

A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Sanderling Mgmt. Ltd. v. Snap Inc.*, No. 2:21-cv-02324 GW(JCx), 2021 U.S. Dist. LEXIS 141848, at *2 (C.D. Cal. May 18, 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a complaint must contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). To satisfy this standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

### B.    35 U.S.C. § 101

Section 101 provides that a patent may be granted on "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. The Supreme Court has ruled that "laws of

---

[1] The parties agreed via email that Defendant's meet and confer obligations were satisfied by the September 5th meet and confer and that there was nothing else to discuss with respect to Defendant's Motion to Dismiss the Amended Complaint.

4923-3155-2366.v1

nature, natural phenomena, and abstract ideas" are *not* eligible for patent protection under § 101. *Diamond v. Diehr*, 450 U.S. 175, 185 (1981).

The Supreme Court has provided a two-step "framework for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 217, (2014), citing *Mayo Collaborative Services v. Prometheus Labs, Inc.*, 566 U.S. 66 (2012). Step One requires courts "to look at the 'focus of the claimed advance over the prior art'" to determine if the claim as a whole is directed to one of those patent ineligible concepts. *Confident Techs., Inc. v. AXS Grp. LLC*, No. 17-CV-02181-H-MDD, 2018 WL 539166, at *3 (S.D. Cal. Jan. 23, 2018), citing *Affinity Labs of Tex., LLC v. DirecTV, LLC*, 838 F.3d 1253, 1257 (Fed. Cir. 2016). If the claims are directed to a patent-ineligible concept, step two of the analysis is a "search for an 'inventive concept'—i.e., an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Alice*, 573 U.S. at 217–18. Courts have recognized different categories of patent ineligible abstract ideas, including (1) claims to mental processes, even if performed on a computer rather than in the human mind, (2) methods of organizing human activity, and (3) claims to results rather than to a means of achieving the claimed result. *In re Killian*, 45 F.4th 1373, 1382 (Fed. Cir. 2022).

If a claim recites a limitation that can practically be performed in the human mind or with the use of a physical aid such as pen and paper, the limitation falls within the mental processes grouping, and the claim is an abstract idea. *See, e.g., Gottschalk v. Benson*, 409 U.S.63, 67 (1972). As the Federal Circuit explained, "methods which can be performed mentally, or which are the equivalent of human mental work, are unpatentable abstract ideas." *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1371 (Fed. Cir. 2011) (citing *Gottschalk,* 409 U.S. at 67.).

3

---

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**
Case No. 2:25-cv-05928-MWF (SSCx)

Similarly, courts have characterized "method[s] of organizing human activity as abstract." *See Alice*, 573 U.S. at 220; *BSG Tech LLC v. BuySeasons, Inc.*, 899 F.3d 1281, 1285 (Fed. Cir. 2018). If the claims have a close analogy in the brick-and-mortar world, such that the claims cover "fundamental … practices long prevalent in our system," they are likely "methods of organizing human activity" and abstract. *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1317 (Fed. Cir. 2016).

When determining whether a claim is directed to an abstract idea, courts will also "compare claims at issue to those claims already found to be directed to an abstract idea in previous cases." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016).

If the claims are found to be directed to patentable-ineligible subject matter under step one, the second step is to ask whether "there is some inventive concept in the application of the abstract idea." *Enfish*, 822 F.3d at 1336. "[S]ome inventions' basic thrust might more easily be understood as directed to an abstract idea, but under step two of the *Alice* analysis, it might become clear that the specific improvements in the recited []technology go beyond 'well-understood, routine, conventional activit[ies]' and render the invention patent-eligible." *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1348 (Fed. Cir. 2016), quoting *Alice*, 573 U.S. at 225. Thus, the courts must consider whether the claims contain "additional features" constituting an inventive concept. But if all of the claimed elements are merely "well-understood, routine, and conventional activity" previously known to the industry, they do not constitute an inventive concept. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018), citing *Mayo,* 566 U.S. at 73). Courts will also "consider the elements of each claim both individually and 'as an ordered combination.'" *Alice*, 573 U.S. at 217. (quoting *Mayo*, 566 U.S. at 77-79). The use of a machine that contributes only nominally or insignificantly to the execution of

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**
Case No. 2:25-cv-05928-MWF (SSCx)

4923-3155-2366.v1

an otherwise abstract idea is not enough to transform the abstract idea into a patentable subject matter. *Bilski v. Kappos,* 561 U.S. 593, 610 (2010).

Whether a claim recites patent-eligible subject matter under § 101 is a question of law appropriate for resolution on a motion to dismiss. *See OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015); *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 850 F.3d 1332, 1338 (Fed. Cir. 2017); *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018). The Federal Circuit has "repeatedly affirmed § 101 rejections at the motion to dismiss stage, before claim construction or significant discovery has commenced." *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017) (citing *Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369, 1373–74 (Fed. Cir. 2016)) (quotation and citations omitted).

### C.    Pre-Suit Damages

35 U.S.C. § 287 limits the extent to which damages may be recovered by a patent holder. *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1360 (Fed. Cir. 2021). The patent holder who sells a product covered by their patent cannot recover damages until the time that: (1) they or their licensees marked the patented products as patented (constructive notice) or (2) they provided the defendant with actual notice of infringement. 35 U.S.C. § 287(a). Where a patentee (or its licensee) has failed to mark covered products, the patentee can only recover damages for infringement occurring after an infringer has received actual notice of its alleged infringement. *Id*. "For purposes of section 287(a), notice must be of 'the infringement,' not merely notice of the patent's existence or ownership." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). The filing of a lawsuit for patent infringement constitutes actual notice. 35 U.S.C.A. § 287. If this is the first instance of actual notice

4923-3155-2366.v1

to the defendant, then pre-suit damages are not available because notice was only provided as of the day the suit was initiated. *Id.*

Claims for patent infringement seeking pre-suit damages should be dismissed under Rule 12(b)(6) upon a failure to plead either actual or constructive notice in the complaint. *DivX, LLC v. Hulu, LLC*, No. 2:21-cv-01615 PSG(DFMx), 2021 U.S. Dist. LEXIS 193137, at *10 (C.D. Cal. June 11, 2021).

## III.    THE '971 PATENT-IN-SUIT

The '971 patent is directed to a "navigation device" that performs a specific set of functions. The specification explains that when a user has missed a "waypoint" (a pre-identified destination, or point, on a map), a traditional navigation device "automatically re-searches for a route returning to the [missed] waypoint … against the user's own will," essentially re-routing the user back to the passed waypoint under the assumption that the user still wants to arrive at the missed waypoint—even though the user may be traveling directly along the route to the next waypoint or final destination. ('971 Pat. at 1:22-33, 1:39-46). As a supposed improvement over the traditional navigation device, the invention of the '971 Patent is to output a message to the user (reproduced below) upon the user passing or missing a waypoint but remaining on track to reach the next waypoint.

6

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**
Case No. 2:25-cv-05928-MWF (SSCx)

4923-3155-2366.v1

## FIG.7

VICTORIA3 Vehicle Information Platform

You Have Deviated from the Route.
Will You Pass via the Waypoint?

Yes                NO

Route

(*Id*. at Fig. 7). Rather than automatically re-route the user back to the missed waypoint, the message prompts the user to determine how it wants to proceed—namely, whether to skip the missed waypoint and continue on to the next waypoint, or to be routed back to the passed waypoint. (*Id*. at 2:19-26, 11:21-29, 11:38-42). In response, the user "issues a command" and the navigation device directs them accordingly. (*Id*. at 11:16-28).

Claim 1 of the '971 Patent is reproduced below.

A navigation device comprising:

a setting unit configured to set waypoints and a destination;

a route searching unit configured to search for a whole route leading to the destination via the waypoints set by said setting unit;

a route guidance unit configured to carry out route guidance according to the whole route which is searched for by said route searching unit;

7

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**
Case No. 2:25-cv-05928-MWF (SSCx)

4923-3155-2366.v1

an output unit configured to output a message showing that a vehicle has deviated from a route leading to a first next waypoint toward which the vehicle has been heading when said route guidance unit determines that the vehicle has deviated from the route to a predetermined distance or more and is traveling along a route after said first next waypoint; and

an input unit configured to input a command indicating whether or not to travel via said first next waypoint in response to the message outputted by said output unit.

Claim 1 recites five tangible components of the claimed navigation device: a "setting unit," a "route search unit," a "routing guidance unit," an "output unit," and an "input unit." While the specification of the '971 Patent discloses many additional sensors, receivers, and units, as seen in Figure 1 reproduced below, Claim 1 includes *only* these five components, which are all generic computer components.



**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**
Case No. 2:25-cv-05928-MWF (SSCx)

4923-3155-2366.v1

The '971 Patent teaches that the "setting unit" is configured to set the waypoints and destination sought to be visited. (*Id*. at 2:1-2). It can be comprised of an input unit 17, a monitor 2 that has a remote-control light receiving unit 21, a remote control 3, or a microphone. (*Id*. at 4:17-25). The "route searching unit" serves to "search[] for an optimal whole route leading from the current position of the vehicle … to the destination"—essentially searching for and selecting the best route for reaching each of the chosen waypoints. (*Id*. at 5:18-21). The "route guidance unit" tracks the movement of the vehicle in relation to the route, monitoring that the vehicle is adhering to the route by creating drawing data of both the vehicle's position and the whole route in order to display a "route guidance view" on a monitor. (*Id*. at 5:30-38). The "route guidance unit" also creates audio data for outputting a "route guidance message" to the user. (*Id*.) Both the "route searching unit" and the "route guidance unit," identified as 130 and 140 respectively, are part of a microcomputer referred to as "control unit 10." (*Id*. at 3:40-42; 4:37-46). The "input unit" is configured to input a command from the user. It can be comprised of the input unit 17, the monitor 2, the remote control 3, or a microphone. (*Id*. at 4:26-36). The input unit 17 processes signals from the monitor 2 and sends the results to control unit 10. (*Id*. at 4:15-18) The "output unit" is configured to output a message to the user and can be comprised of an output unit 18, an audio speaker 4, and a monitor 2. (*Id*.). The output unit 18 processes data from the control unit 10 and outputs image and auto signals to the monitor 2 and the audio speaker 4. (*Id*. at 4:26-30).

## IV.   THE '971 PATENT CLAIMS PATENT-INELIGIBLE SUBJECT MATTER

Claim 1 of the '971 Patent is directed to the abstract idea of letting a driver, who has deviated from a route to a first pre-designated stop on a multi-stop trip, decide

9

whether whether he wants to backtrack to the missed stop or continue on to the next stop.

Analysis under § 101 may be performed using a representative claim that is "substantially similar and linked to the same" abstract idea. *Cleveland Clinic*, 859 F.3d at 1360 (*quoting Content Extraction & Transmission LLC v. Wells Fargo Bank,* 776 F.3d 1343, 1348 (Fed. Cir. 2014)). Because all claims of the '971 Patent are directed to the same abstract idea, Claim 1 is a representative claim.[2] The '971 Patent includes 19 claims with Claims 1 (a device claim) and 19 (a method claim) independent. Independent claim 19 is merely Claim 1 rewritten into the format of a method claim and does not add anything new. Dependent Claims 2-18 depend from independent Claim 1 and merely recite basic functionalities of the "output unit," "input unit, and "route searching unit." For example, Dependent Claim 8 recites that the "output unit" includes a display unit and that the "input unit" inputs a command according to either a push down of a button on the display unit or voice. Dependent Claims 2, 9, 10, and 15-18 provide the additional limitations that the output unit deletes the output message in various situations and that the route search unit re-searches for a new route or a new waypoint. Dependent claims 3-7 and 11-14 merely describe that the route search unit re-searches a new route via the passed waypoint or a list of new waypoints. Thus, these claims may be considered along with representative Claim 1 as part of the same § 101 analysis. *Content Extraction,* 776 F.3d at 1348 (dependent claims reciting "well-known, routine, and conventional functions of scanners and computers" appropriate to consider along with representative independent claim).

### A.    Step One Analysis

_____

[2] Although Plaintiff's Amended Complaint alleges that "one or more" claims of the '971 patent are infringed, the Amended Complaint only addresses independent Claim 1.

10

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**
Case No. 2:25-cv-05928-MWF (SSCx)

4923-3155-2366.v1

The entirety of Claim 1 can be performed by the human mind or using a map and/or pen and paper. Prior to traveling, a passenger or driver of a vehicle can set "waypoints" and a final destination on a road map (accomplished by the "setting unit" in Claim 1) and plan a route that reaches the destination via each of the waypoints (done by the "route searching unit" of the '971 Patent). While traveling, the passenger or driver can follow along the map while also observing key landmarks along the route, such as intersections, bridges, signs, etc. (carrying out the "route guidance" of Claim 1). If the passenger or the driver observes that the vehicle has deviated from the route to a first waypoint, but notes that it is still on the route to a next waypoint, the passenger or the driver can give a reminder to the other person (or themselves) about the deviation and ask/consider whether to go back to the missed waypoint or continue to the next waypoint on the route (the claimed "input unit"). Notifying a driver that they have missed a stop and letting them decide if they want to continue on to the next step or go back (acting as the "output unit"), is also a long-standing, well-known method of organizing human behavior that passengers have been doing since before car travel. As is answering this question and instructing whether to proceed on or turn back (claimed as the "input unit"). Apart from being part of a method of organizing human behavior, the recognition that a stop on a multi-stop trip has been missed and the decision as to whether to proceed towards the next stop or turn back is a pure mental process.

"Another helpful way of assessing whether the claims of the patent are directed to an abstract idea is to consider if all of the steps of the claim could be performed by human beings in a non-computerized 'brick and mortar' context." *Intellectual Ventures I LLC v. Symantec Corp.*, 100 F. Supp. 3d 371, 383 (D. Del. 2015), citing *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1353 (Fed. Cir. 2014)). There can be no doubt that inputting destinations on a map, setting a route, tracking movement on a map, and inputting instructions on whether to skip a destination upon deviating from the route are commonly performed by human beings in a non-computerized "brick and mortar"

11

context. *See, e.g. Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1317 (Fed. Cir. 2016) (finding claim directed to email processing software program to be abstract through comparison to a "brick-and-mortar" post office); *Voip-Pal.com, Inc. v. Apple Inc.*, 411 F. Supp. 3d 926, 955 (N.D. Cal. 2019), aff'd, 828 F. App'x 717 (Fed. Cir. 2020) (finding claim directed to an automated system for routing telephone calls was "analogous to preexisting practices of manual call routing, a 'fundamental practice long prevalent in our system.'"). Inputting information in to maps and following routes on maps has been done since maps were created. *X One, Inc. v. Uber Techs., Inc.*, 239 F. Supp. 3d 1174, 1191–92 (N.D. Cal. 2017) (noting that people "track[ed] the locations of individuals on a map" and input information into maps long before "GPS tracking and cellular phones").

When broken down into its individual elements, Claim 1 recites, with high generality, only generic, well-known components performing conventional functions routinely known in the art—a "setting unit," a "route searching unit," a "route guidance unit," an "output unit," and an "input unit." Each element contains nothing beyond the abstract idea itself. As explained above, the "setting unit" sets the waypoints and destination. This is a mental process that can be performed in the human mind or by using a map and a pen. *See Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*, 549 F. Supp. 3d 1247, 1263 (W.D. Wash. 2021), aff'd, 50 F.4th 1371 (Fed. Cir. 2022) ("Before computers became prevalent … maps were generated by hand, and the [claim] methods disclosed … could be similarly performed using colored pencils and … paper"). The "route searching unit" searches for an "optimal whole route," which is similarly a mental process that has been carried out on paper using maps since early civilization. *See Move, Inc. v. Real Estate All. Ltd.*, 221 F. Supp.3d 1149, 1162 (C.D. Cal. 2016) ("using a map to display geographic information" is abstract and an "ancient" concept that may not be monopolized). The "route guidance unit" carries out "route guidance according to the whole route" and "determines the vehicle has deviated … and is

12

---

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**
Case No. 2:25-cv-05928-MWF (SSCx)

traveling along a route," both of which are merely the mental process of tracking the movement of a vehicle along a route and observing whether any deviations from the route are made. Upon such a deviation, the "output unit" outputs a message asking the user whether they want to skip the missed waypoint and continue on to the next waypoint. The "input unit" inputs a command from the user, responding to that question. Both the functions of the claimed "output" and "input units" are abstract ideas and merely a method of organizing human activity. *Prolitec Inc. v. ScentAir Techs., LLC*, 770 F. Supp. 3d 730, 742 (D. Del. 2025) ("[T]he idea of controlling the operation of devices based on a set of instructions … is at its core a "method of organizing human activity"); *IPA Techs., Inc. v. Amazon.com, Inc.*, 352 F. Supp. 3d 335 (D. Del. 2019) (retrieving data in response to a spoken request, constructing a navigation query based upon the request, and transmitting the retrieved data to a user is an abstract idea under § 101). Thus, the claimed device is "clearly focused on the combination of [five] abstract-idea processes." *PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1317 (Fed. Cir. 2021). And, these five separate components are all merely generic computer components performing well-known and conventional functions—the claims do not add anything beyond the abstract ideas.

More generally, Claim 1 can also be considered to be directed to the abstract idea of collecting and presenting data. The Federal Circuit has made clear that merely transmitting data periodically for display on a device is an abstract idea. *NantWorks, LLC v. Niantic, Inc.*, No. 20-CV-06262-LB, 2023 WL 187490, at *5 (N.D. Cal. Jan. 13, 2023), motion to certify appeal denied, No. 20-CV-06262-LB, 2023 WL 2633211 (N.D. Cal. Mar. 24, 2023) ("Providing map-related data based on a user's "status" (meaning, any information about location) is just analyzing information about a location, which is data analysis and an abstract idea."); *Two-Way Media v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1337–38 (Fed. Cir. 2017) (claims directed to sending, directing, and monitoring audio/visual data over a communications system

13

4923-3155-2366.v1

simply "manipulated data" and were patent ineligible as an abstract idea); *Content Extraction*, 776 F.3d at 1347 (holding that "(1) collecting data, (2) recognizing certain data within the collected data set, and (3) storing that data in a memory" is an abstract idea because "data collection, recognition, and storage is undisputedly well-known" and "humans have always performed these functions").

In assessing step one under *Alice*, courts must also "determine whether a patent's claimed advance represents a concrete 'technological solution to a technological problem'" or whether the benefit is derived from the abstract idea itself. *Fortinet, Inc. v. Forescout Techs., Inc.*, 543 F. Supp. 3d 814, 824 (N.D. Cal. 2021). Here, the '971 Patent does not hold itself out as presenting any technical improvements to the five generic computer components discussed above. Rather, the '971 Patent posits that the benefit it provides is the "output [of] a waypoint passage selection message," which … "enables the user to determine how to handle whether to pass via the first way point according to the user's own will." ('971 Pat. at 2:19-26, 11:21-29). The Amended Complaint similarly identifies that the deficiency in the art was that waypoints could not be skipped, and the '971 Patent solved that problem by "notifying the user, receiving input, and conditionally rerouting" in order to skip waypoints. (ECF 16 at ¶ 19-20). Thus the purported improvement of the '971 Patent is the abstract idea of outputting a waypoint passage selection message in response to a driver's deviation from a route and receiving an input from a user on how to proceed. Because Claim 1 is not directed to a "specific improvement" in the way the hardware or software of the navigation device operates in order to carry out this abstract idea, it is not patent eligible. *See Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229, 1241 (Fed. Cir. 2016) (finding claims directed to "systems including menus with particular features" were abstract when claims did "not claim a particular way of programming or designing the software to create menus that have these features").

14

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**
Case No. 2:25-cv-05928-MWF (SSCx)

4923-3155-2366.v1

The Amended Complaint argues that the '971 Patent (1) "improves the way existing vehicle navigation and control systems and subsystems operate" (ECF 16 at ¶ 18); (2) "improves specific vehicle and computer technology and physically changes vehicle systems and subsystems" (*Id.* at ¶ 18), (3) improves "the efficiency of existing technology, including eliminating redundancies, improving system efficiency, and reducing storage requirements," (*Id.* at ¶ 25), and (4) "improves vehicle navigation and control technology." (*Id.* at ¶ 22). But nowhere does either the Amended Complaint or the '971 Patent represent that such improvements were the result of the patented technology as opposed to the capabilities of the underlying software and hardware that the claims employ. Nor do they represent that the '971 claims were directed to improvements in the hardware or software itself.

Plaintiff's Amended Complaint also conflates novelty and non-obviousness with ineligible patent subject matter under § 101, arguing that merely because the claims got through the PTO and the PTAB, they must not have been "well-understood, routine, and conventional" at the time of the application. (ECF 16 at ¶¶ 23, 24). Even if the claims of the '971 Patent were not taught by the prior art, "novelty of a claim's abstract idea does not defeat invalidity under § 101." *Power Analytics Corp. v. Operation Tech., Inc.*, No. SACV1601955JAKFFMX, 2017 WL 5468179, at *4 (C.D. Cal. July 13, 2017), aff'd sub nom. *Power Analytics Corp. v. Operation Tech. Inc*, 748 F. App'x 334 (Fed. Cir. 2019) ("[A]bstract ideas are ineligible for patenting even if they are "novel and useful"), citing *Parker v. Flook*, 437 U.S. 584, 588, 591 (1978); *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1151 (Fed. Cir. 2016) (noting that "[a] claim for a new abstract idea is still an abstract idea" and that "the search for a § 101 inventive concept is thus distinct from demonstrating § 102 novelty.").

Finally, Claim 1 should be found to be abstract because it is similar to many others previously found to be abstract. *See Location Based Servs., LLC v. Niantic, Inc.*, 295 F. Supp. 3d 1031 (N.D. Cal. 2017), aff'd, 742 F. App'x 506 (Fed. Cir. 2018)

15

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**
Case No. 2:25-cv-05928-MWF (SSCx)

4923-3155-2366.v1

(finding patent claim for a "computer system" comprising a processor, memory coupled to the processor, receiver coupled to the processor, a map display module coupled to the receiver and the memory, and a status module configurable to determine a status associated with at least one of the one or more locations on the map was directed to a patent-ineligible concept); *X One, Inc. v. Uber Techs., Inc.*, 239 F. Supp. 3d 1174, 1187 (N.D. Cal. 2017) (claim directed to an "apparatus" comprising "(1) a server, (2) a database with an account for a user that contains a "buddy list" of other users, (3) software that can "request and store" information from cell phones associated with multiple users, and (4) software that, upon request from a first user, obtains the last known location of users listed in the first user's buddy list, plots those locations on a map, sends that map to the first user, and allows the first user to zoom the map in or out," was the implementation of an abstract idea); *IPA Techs.,* 352 F. Supp. 3d at 335 (finding patents invalid under § 101 as directed to the abstract idea of retrieving data in response to a spoken request, constructing a navigation query based upon the request, and transmitting the retrieved data to a user); *Concaten, Inc. v. AmeriTrak Fleet Sols., LLC*, 131 F. Supp.3d 1166 (D. Colo. 2015), aff'd, 669 F. App'x 571 (Fed. Cir. 2016), cert. denied, 137 S. Ct. 1604 (2017) (claim describing a method for (1) receiving information about snow vehicle locations, (2) processing the information to provide a map and instructions for the operator of the vehicle, and (3) providing the information to the operator of the vehicle was directed to an abstract idea).

## B.    Step Two Analysis

"The second step of the *Alice* inquiry asks, "whether the claims do significantly more than simply describe [the] abstract method and thus transform the abstract idea into patentable subject matter." *Sanderling,* 2021 WL 3161175, at *8, (citing *Affinity Labs*, 838 F.3d at 1262). Nothing in Claim 1—considered as "individual elements or ordered combination of elements"—transforms the abstract idea of presenting a

16

---

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**
Case No. 2:25-cv-05928-MWF (SSCx)

"waypoint passage selection message" to a driver who has deviated from a route and receiving a command from the driver about whether to backtrack or continue on, into a patent-eligible application of that idea. *Location Based Servs.,* 295 F. Supp. 3d at 1044, aff'd, 742 F. App'x 506 (Fed. Cir. 2018). As explained further below, Claim 1 recites no more than the performance of "well-understood, routine, conventional activities that were previously known." *Id*.

As introduced above, Claim 1 includes five "concrete, tangible, components"—the "setting unit," the "route searching unit," the "route guidance unit," the "output unit," and the "input unit." According to the '971 specification, each of these components perform their well-known and conventional functions. Indeed, the '971 Patent has admitted that the "route search unit" and the "route guidance unit" were known in the prior art. ('971 Pat. at 1:15-47). It is only the additions of the "output unit" and the "input unit" that are purported to be an improvement over the traditional navigation device. ('971 Pat. at 11:16-29). But Claim 1 is not directed to the technologies that carry out these functions—just the *idea* of these functions. The patent teaches that the "output unit" simply puts out a message showing that a vehicle has deviated from a route via a monitor and the "input unit" inputs a command from the user using a speaker indicating whether to travel to the next waypoint or go back to the missed waypoint. These are generic and conventional functions of a monitor and a speaker. The '971 Patent does not provide any specific improvements to these technologies. *See Location Based Servs*., 295 F. Supp. 3d at 1056, aff'd, 742 F. App'x 506 (Fed. Cir. 2018) (finding no inventive concept where each element of the claim performs its conventional functions—noting that an "electronic display receiving a map is performing its generic function, as is a monitoring device that monitors data."); *In re TLI Commc'ns LLC Pat. Litig.*, 823 F.3d 607, 613 (Fed. Cir. 2016) (finding "the claims' recitation of a 'telephone unit,' a 'server,' an 'image analysis unit,' and a 'control unit' fail[ed] to add an inventive concept sufficient to bring the abstract idea

17

4923-3155-2366.v1

into the realm of patentability" because each performed its "well-understood, routine, and conventional activities" and "simply provide[d] the environment in which the abstract idea of classifying and storing digital images in an organized manner is carried out."). Thus, none of the individual components recited in Claim 1 transform the abstract idea into patent eligible subject matter.

When considered as an "ordered combination," the elements of Claim 1 also do not transform the abstract idea into patent eligible subject matter. The five elements are merely arranged in a well-known and conventional manner. The "setting unit" sets the waypoints, the "route search unit" searches a route for the waypoints, a "route guidance unit" carries out the guidance according to the route, the "output unit" outputs a message, and the "input unit" inputs a command. The '971 Patent does not claim that anything is new in the arrangement of the steps taken by the navigation device. Nor could it, as this is the same order these steps have been carried out since maps came to be. Regardless, the "output unit" and the "input unit" are not required to perform their functions in any specific sequence related to the "setting unit," the "route searching unit," or the "route guidance unit." Moreover, the "output" and "input" units merely output a message and receive an input, with no meaningful connection with any other units, other than processing information based on the same waypoints and a searched route. Rather, these tangible components are described in the specification as various parts of a generic computer, such as a microcomputer, a monitor, and a speaker. ('971 Pat. at 4:11-13, 4:26-46). The ordering of these components "adds [nothing] to the analysis beyond the individual concepts" themselves. *Cellspin Soft, Inc. v. Fitbit, Inc.*, No. 17-CV-05928-YGR, 2021 WL 1421612, at *16 (N.D. Cal. Apr. 14, 2021). Instead, the inclusion of these components is the mere application of the abstract idea in a computer environment. *Cf. Bascom, 827 at 1349* (finding an inventive concept in the non-conventional and non-generic arrangement of known, conventional computer components, namely, the "installation of a filtering tool at a specific location, remote

18

4923-3155-2366.v1

from the end-users, with customizable filtering features specific to each end user" giving "the filtering tool both the benefits of a filter on a local computer and the benefits of a filter on the ISP server.").

The precedent is clear that the mere use of a computer to carry out an otherwise mental process does not change the patent-ineligible nature of an invention, because it could still be performed via pen and paper or in a person's mind. *Versata Dev. Group v. SAP Am., Inc.*, 793 F.3d 1306, 1335 (Fed. Cir. 2015). "'[A]n abstract idea does not become nonabstract by limiting the invention to a particular field of use or technological environment,'" even if the claims are directed to improvements to the abstract idea. *R&R* at 11 (quoting *Intellectual Ventures I LLC v. Capital One Bank*, 792 F.3d 1363, 1367 (Fed. Cir. 2015)) ("the improved speed or efficiency inherent with applying the abstract idea on a computer" does not provide an inventive concept); *Cascades Branding Innovation LLC v. Aldi, Inc.*, 728 F. Supp. 3d 917, 933 (N.D. Ill. 2024) (finding no inventive concept where claimed "benefit comes from the underlying computer technology itself" not from the claims, which focus not on the "improvement in computers as tools, but on certain independently abstract ideas that use computers as tools.").

As discussed above, the purported benefit of the '971 Patent is the ability to instruct a navigation device to skip a waypoint. Neither the '971 Patent nor the Amended Complaint point to any claimed improvements to the technology that carries out this abstract idea. While Plaintiff makes the conclusory statement in its Amended Complaint that the '971 Patent "improves specific vehicle and computer technology," it "does not allege any 'new technique,' 'specific implementation' of, or 'specific solution' to this 'underlying' abstract idea." (ECF 16 at ¶ 18); *Enovsys LLC v. Lyft, Inc.*, No. 23-CV-05157-EJD, 2024 WL 3049452, at *10 (N.D. Cal. June 17, 2024) (finding no inventive concept to claims directed to the "abstract idea of receiving location information, reporting location information, and filtering reported locations

19

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**
Case No. 2:25-cv-05928-MWF (SSCx)

4923-3155-2366.v1

along with the addition of generic computer components such as "network," "wireless consumer," "transmitter," and "memory means"); *FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1097 (Fed. Cir. 2016) ("To the extent that [patent holder] suggests that its claimed invention recites a technological advance relating to accessing and combining disparate information sources, its claims do not recite any such improvement."). That the '971 Patent claims allegedly "solves a problem," "enhances" user friendliness, or make an otherwise abstract idea more "efficient" is not enough to provide inventive concept, when both the identified problem and solution already existed as mental processes. (ECF 16 at ¶¶ 19, 25; '971 Pat. at 11:28-29). *See Never-Search, Inc. v. Apple, Inc.*, No. 24-CV-03945-RFL, 2025 WL 943229, at *3 (N.D. Cal. Feb. 28, 2025) (finding no inventive concept even though claim was "directed at a particular problem" of "allowing the user to access qualitative information about points of interest without exiting the geographical map's interface" because "that problem is not technology-based, but exists equally with paper maps" and the patent also did not claim a "specific technological solution."); *Bancorp Servs., LLC v. Sun Life Assurance Co. of Can.*, 687 F.3d 1266, 1278 (Fed.Cir.2012) ("[T]he fact that the required calculations could be performed more efficiently via a computer does not materially alter the patent eligibility of the claimed subject matter.").

Therefore, the '971 Patent merely teaches how "to implement an abstract idea 'with routine, conventional [computing] activity.'" *Move, Inc.*, 221 F. Supp. 3d at 1165, aff'd in part, 721 F. App'x 950 (Fed. Cir. 2018) (finding patent relating to methods for locating available real estate properties using zoom-enabled map on computer was an abstract idea lacking inventive concept), (citing *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715–16 (Fed. Cir. 2014)). Analogous, generic computer components have been found to be insufficient to add an inventive concept to an otherwise abstract idea. *See Weisner v. Google LLC*, 51 F.4th 1073, 1083–84 (Fed. Cir. 2022) (finding no inventive concept to claims directed to the abstract idea of digitizing

20

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**
Case No. 2:25-cv-05928-MWF (SSCx)

4923-3155-2366.v1

a travel log using conventional components including "a GPS or other navigational system," "handheld electronic network devices," "telecommunications networks," and methods to "receive and transmit information wirelessly"); *Sanderling,* 2021 WL 3161175, at *6 (claims reciting conventional, generic, and "well-known components" including a "server," "network," "hardware processor," "database," "mobile device," and "GPS module," were directed to an abstract idea and lacked an inventive concept); *Never-Search, Inc. v. Apple, Inc.*, No. 24-CV-03945-RFL, 2025 WL 943229, at *2 (N.D. Cal. Feb. 28, 2025) (patent "directed at the abstract concept of concurrently displaying qualitative information for points of interest over a geographical map" lacked inventive concept because "[p]lain automation of an abstract idea, without more, does not constitute an inventive concept" and does not "provide[] technical instructions that offer 'specific improvements' to the computer's functionality."); *Enovsys LLC v. Uber Techs., Inc.*, No. 23-CV-04549-EJD, 2024 WL 3033995, at *11 (N.D. Cal. June 17, 2024) (holding that because claims "recite limitations that amount to collecting, analyzing, and presenting location information with generic components such as 'portable mobile remote unit,' 'communication unit,' 'network,' and 'transmitter,'" and because  plaintiff did "not allege any 'new technique,' 'specific implementation' of, or 'specific solution' to this abstract idea," the asserted patent "fail[ed] to recite an inventive concept 'sufficient to ensure that the claim amounts to significantly more than the abstract idea itself.'"); *Location Based Servs.,* 295 F. Supp. 3d at 1056, aff'd, 742 F. App'x 506 (Fed. Cir. 2018) (finding that the functions of "(1) transmitting a request identifying the requester, (2) receiving a map at a display device, the locations on the map associated with rules about locations verifiable by a monitoring device, and (3) interacting with monitoring devices to alter the map based on rules" were "routine, generic computer functions," with each element "performing its generic function."); *X One,* 239 F. Supp. 3d at 1195  ("[T]he Court finds that the physical components described in all of the claims are generic and conventional,

21

---

4923-3155-2366.v1

including the claimed "server," "cell phone," "wireless device," and "GPS" and "[t] he claims contain no indication that these 'existing platforms and pieces of infrastructure' are used in a non-conventional manner."); *Peschke Map Techs. LLC v. Rouse Props. Inc.*, 168 F. Supp. 3d 881, 890 (E.D. Va. 2016) (holding that "using a hyperlinked icon in the shape of a store overlaid on a map" was not an inventive concept but rather "the computerization of the well-known practice … of using a map that depicts the shapes of stores as seen from above to provide the map user with information about those different stores" when "electronic maps, hyperlinks, and the use of servers and databases to provide information" were known).

## V. THE AMENDED COMPLAINT DOES NOT PLEAD SUFFICIENT FACTS FOR PRE-SUIT DAMAGES

Plaintiff's Amended Complaint does not plead compliance with the marking statute or that actual notice of infringement was given before this lawsuit was initiated. Yet it nonetheless explicitly requests "past" damages "at least since the filing of the Original Complaint." (ECF 16 at ¶ 44). "The duty of alleging and the burden of proving either actual or constructive notice is upon the patentee." *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894). If a complaint does not allege actual or constructive notice, claims of infringement seeking pre-litigation damages may be dismissed under Rule 12(b)(6). *DivX,* 2021 WL 4459368, at *4 (C.D. Cal. June 11, 2021). *See also e-Watch, Inc. v. Avigilon Corp.*, No. Civ.A. H-13-0347, 2013 WL 5231521, at *3 (S.D. Tex. Sept. 16, 2013) (granting motion to dismiss claim for pre-suit damages and rejecting argument that request for pre-suit damages is not a "claim" subject to Rule 12(b)(6)); *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) (damages claims relating to marking may be ruled on at the motion to dismiss stage).

22

4923-3155-2366.v1

## VI.    CONCLUSION

For the reasons stated above, the Amended Complaint should be dismissed in its entirety.

Dated: September 30, 2025

By: */s/ Xinlin Li Morrow*

Xinlin Li Morrow, Esq. (SBN 281707)
Xinlin@moni.law
Morrow Ni LLP
3333 Michelson Drive Suite 300
Irvine, California 92612
(213) 282-8166

Joseph V. Saphia, Esq. (pro hac vice application forthcoming)
Jessica H. Zafonte Esq. (pro hac vice application forthcoming)
jsaphia@csglaw.com
jzafonte@csglaw.com
CHIESA SHAHINIAN & GIANTOMASI PC
11 Times Square, 34th Floor
New York, NY 10036
(212) 973-0572

Xuezheng Wang, Esq. (pro hac vice application forthcoming)
jwang@csglaw.com
CHIESA SHAHINIAN & GIANTOMASI PC
105 Eisenhower Parkway
Roseland, NJ 07068
(973) 530-2185

*Attorney for Defendant Segway, LLC*

23

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**
Case No. 2:25-cv-05928-MWF (SSCx)

4923-3155-2366.v1

**Certificate of Compliance**

The undersigned, counsel of record for Defendant Segway, LLC certifies that this brief contains 6,985 words, which complies with the word limit of L.R. 11-6.1.


_/s/ Xinlin Li Morrow, Esq._

Xinlin Li Morrow, Esq.


September 30, 2025

24

**Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss FAC**
Case No. 2:25-cv-05928-MWF (SSCx)

4923-3155-2366.v1